## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

RHONDA NEWCOMB,

          *Plaintiff,*

vs.

          Case No. 6:19-cv-00457-PGB-TBS

LUMINAR TECHNOLOGIES, INC.,

          *Defendant.*

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNT I OF THE AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant Luminar Technologies, Inc. ("Luminar"), by and through its undersigned counsel, hereby answers Count I of the Complaint and Demand for Jury Trial (the "Complaint") filed by Rhonda Newcomb ("Newcomb") and asserts its Affirmative Defenses as follows:

### JURISDICTION AND VENUE

1.      Luminar admits that the Court has federal question jurisdiction to hear this matter because Newcomb has asserted a claim under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Fair Labor Standards Act ("FLSA").

2.      Luminar admits that venue is proper in this Court.

### PARTIES

3.      Luminar admits the allegations in Paragraph 3.

4.      Luminar admits the allegations in Paragraph 4.

### GENERAL ALLEGATIONS

5.      Luminar denies the allegations in Paragraph 5.

6.      Luminar denies the allegations in Paragraph 6.

7. Luminar lacks knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 7 and therefore denies them.

8. Luminar admits that Newcomb has requested a trial by jury.

## ADMINISTRATIVE PREREQUISITES

9. The allegations in Paragraph 9 relate solely to Counts II-V, which are subject to a pending motion to dismiss. Accordingly, no answer to the allegations in Paragraph 9 is required at this time.

10. The allegations in Paragraph 10 relate solely to Counts II-V, which are subject to a pending motion to dismiss. Accordingly, no answer to the allegations in Paragraph 10 is required at this time.

11. The allegations in Paragraph 11 relate solely to Counts II-V, which are subject to a pending motion to dismiss. Accordingly, no answer to the allegations in Paragraph 11 is required at this time.

## FACTUAL ALLEGATIONS

12. Luminar admits the allegations in Paragraph 12.

13. Luminar admits that Plaintiff was a non-exempt employee. Defendant denies the remaining allegations in Paragraph 13.

14. Luminar denies the allegations in Paragraph 14.

15. Luminar denies the allegations in Paragraph 15.

16. Luminar denies the allegations in Paragraph 16.

17. Luminar denies the allegations in Paragraph 17.

18. Luminar denies the allegations in Paragraph 18.

19. The allegations in Paragraph 19 relate solely to Counts II-V, which are subject to a pending motion to dismiss. Accordingly, no answer to the allegations in Paragraph 19 is required at this time.

20. The allegations in Paragraph 20 relate solely to Counts II-V, which are subject to a pending motion to dismiss. Accordingly, no answer to the allegations in Paragraph 20 is required at this time.

21. The allegations in Paragraph 21 relate solely to Counts II-V, which are subject to a pending motion to dismiss. Accordingly, no answer to the allegations in Paragraph 21 is required at this time.

22. The allegations in Paragraph 22 relate solely to Counts II-V, which are subject to a pending motion to dismiss. Accordingly, no answer to the allegations in Paragraph 22 is required at this time.

23. The allegations in Paragraph 23 relate solely to Counts II-V, which are subject to a pending motion to dismiss. Accordingly, no answer to the allegations in Paragraph 23 is required at this time.

24. The allegations in Paragraph 24 relate solely to Counts II-V, which are subject to a pending motion to dismiss. Accordingly, no answer to the allegations in Paragraph 24 is required at this time.

25. The allegations in Paragraph 25 relate solely to Counts II-V, which are subject to a pending motion to dismiss. Accordingly, no answer to the allegations in Paragraph 25 is required at this time.

26. The allegations in Paragraph 26 relate solely to Counts II-V, which are subject to a pending motion to dismiss. Accordingly, no answer to the allegations in Paragraph 26 is required at this time.

27. The allegations in Paragraph 27 relate solely to Counts II-V, which are subject to a pending motion to dismiss. Accordingly, no answer to the allegations in Paragraph 27 is required at this time.

28. The allegations in Paragraph 28 relate solely to Counts II-V, which are subject to a pending motion to dismiss. Accordingly, no answer to the allegations in Paragraph 28 is required at this time.

29. The allegations in Paragraph 29 relate solely to Counts II-V, which are subject to a pending motion to dismiss. Accordingly, no answer to the allegations in Paragraph 29 is required at this time.

30. The allegations in Paragraph 30 relate solely to Counts II-V, which are subject to a pending motion to dismiss. Accordingly, no answer to the allegations in Paragraph 30 is required at this time.

31. The allegations in Paragraph 31 relate solely to Counts II-V, which are subject to a pending motion to dismiss. Accordingly, no answer to the allegations in Paragraph 31 is required at this time.

32. The allegations in Paragraph 32 relate solely to Counts II-V, which are subject to a pending motion to dismiss. Accordingly, no answer to the allegations in Paragraph 32 is required at this time.

33.     The allegations in Paragraph 33 relate solely to Counts II-V, which are subject to a pending motion to dismiss. Accordingly, no answer to the allegations in Paragraph 33 is required at this time.

34.     The allegations in Paragraph 34 relate solely to Counts II-V, which are subject to a pending motion to dismiss. Accordingly, no answer to the allegations in Paragraph 34 is required at this time.

35.     The allegations in Paragraph 35 relate solely to Counts II-V, which are subject to a pending motion to dismiss. Accordingly, no answer to the allegations in Paragraph 35 is required at this time.

36.     The allegations in Paragraph 36 relate solely to Counts II-V, which are subject to a pending motion to dismiss. Accordingly, no answer to the allegations in Paragraph 36 is required at this time.

37.     The allegations in Paragraph 37 relate solely to Counts II-V, which are subject to a pending motion to dismiss. Accordingly, no answer to the allegations in Paragraph 37 is required at this time.

38.     The allegations in Paragraph 38 relate solely to Counts II-V, which are subject to a pending motion to dismiss. Accordingly, no answer to the allegations in Paragraph 38 is required at this time.

## COUNT I
## FAIR LABOR STANDARDS ACT - UNPAID OVERTIME

39.     Luminar incorporates its answers to the allegations set forth in Paragraphs 1-38, as if set forth fully in answer to Paragraph 39.

40.     The allegations in Paragraph 40 state a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

41.     Luminar admits the allegations in Paragraph 41.

42.     Luminar denies the allegations in Paragraph 42.

43.     The allegations in Paragraph 43 state a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

44.     The allegations in Paragraph 44 state a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

45.     The allegations in Paragraph 45 state a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

46.     Luminar denies the allegations in Paragraph 46.

47.     The allegations in Paragraph 47 state a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.  Luminar further denies the allegations set forth in the "WHEREFORE" section following Paragraph 47 of the Complaint.

## COUNT II
### TITLE VII—SEX HARASSMENT

Count II is subject to a pending motion to dismiss and, thus, no answer to Count II is required of Luminar.

## COUNT III
### FLORIDA CIVIL RIGHTS ACT—SEX HARASSMENT

Count III is subject to a pending motion to dismiss and, thus, no answer to Count III is required of Luminar.

## COUNT IV
### TITLE VII—RETALIATION

Count IV is subject to a pending motion to dismiss and, thus, no answer to Count IV is required of Luminar.

## COUNT V
## FLORIDA CIVIL RIGHTS ACT—RETALIATION

Count V is subject to a pending motion to dismiss and, thus, no answer to Count V is required of Luminar.

## DEMAND FOR JURY TRIAL

85.     Luminar admits that Newcomb has demanded a trial by jury.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses, Luminar states as follows:

1.     The Complaint and each claim therein fails to state a claim against Luminar upon which relief can be granted.  In particular, Newcomb has failed to state any claim for a willful violation of the FLSA.

2.     Newcomb was compensated by Luminar in accordance with the requirements of the FLSA for all hours worked.  Hence, Newcomb's claims are barred because she has received all compensation to which she was entitled under the FLSA and/or otherwise.

3.     If any violation of the FLSA is found, the Court should not award liquidated damages in that any act or omission giving rise to any such violation was in good faith, Luminar having had reasonable grounds for believing that any such act or omission was not a violation of the FLSA.  Thus, the Court, in its discretion, should award no liquidated damages.

4.     Some or all of Newcomb's claims are barred by virtue of her failure to notify Luminar of the alleged issues, or in the alternative, some or all of Newcomb's claims are barred due to her deliberate conduct preventing Luminar from learning of the issues.

5.     Luminar acted at all times in good faith and with reasonable grounds for believing that it had acted in compliance with the FLSA.

6.    Newcomb's claims are barred in whole or in part by the doctrine of equitable estoppel as she has been compensated in accordance with applicable law for all compensable hours worked.

7.    Newcomb's claims are barred in whole or in part by the provisions of 29 U.S.C. § 254 as to all hours during which Newcomb was engaged in activities which were preliminary or post-preliminary to her principal activities.

8.    Newcomb's claims are barred in whole or in part by the *de minimis* doctrine.

9.    Newcomb's claims are barred, in whole or in part, because Luminar has at all times acted in good faith in conformity with and in reliance on the applicable administrative regulations, orders, rulings, approvals, and interpretations and on the applicable administrative practices, enforcement policies under the FLSA.

10.    Newcomb's claims are barred, in whole or in part, by the doctrine of waiver, laches, accord and satisfaction, payment, ratification or unclean hands.

11.    Newcomb's claims are barred to the extent that Newcomb was at all times compensated in excess of the applicable minimum wage rates.

12.    The Complaint fails to state a claim upon which attorneys' fees or costs can be awarded.

13.    To the extent that Newcomb is able to establish liability, Luminar is entitled to a setoff based on payments made to Newcomb to which she was not legally entitled, including but not limited to, premium compensation, overpayments, bonuses of any type, or other job-related benefits paid or provided.

## RESERVATION OF RIGHTS

Luminar reserves the right to assert any and all additional defenses as may be determined necessary during the course of discovery and to seek attorneys' fees and costs under any applicable statute.

WHEREFORE, Luminar requests that, after due proceedings, all claims be dismissed with prejudice, and judgment be entered for Luminar, including attorneys' fees and costs and such other relief at law or equity as this Court deems appropriate.

Dated: May 28, 2019

Respectfully submitted,

**LUMINAR TECHNOLOGIES, INC.**

*/s/ Paul J. Scheck*

**PAUL J. SCHECK, ESQ.**
Florida Bar No. 028487
Email: pscheck@shutts.com
**JACLYN S. CLARK, ESQ.**
Florida Bar No. 117652
Email: jclark@shutts.com
SHUTTS & BOWEN LLP
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 423-3200
Facsimile: (407) 425-8316

**SONYA ROSENBERG**
*Admitted Pro Hac Vice*
Email: srosenberg@nge.com
**ALEXIS M. DOMINGUEZ**
*Admitted Pro Hac Vice*
Email: adominguez@nge.com
NEAL, GERBER & EISENBERG LLP
2 N LaSalle Street, Suite 1700
Chicago, Illinois 60602
Telephone: (312) 269-8000
Facsimile: (312) 429-3518

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this 28th day of May, 2019, electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send an e-mail notification of such filing to the following:

Wolfgang M. Florin
Gregory A. Owens
FLORIN GRAY BOUZAS OWENS, LLC
16524 Pointe Village Drive, Suite 100
Lutz, Florida 33558
wolfgang@fgbolaw.com
greg@fgbolaw.com


/s/ *Paul J. Scheck*
Counsel for Defendant


ORLDOCS 16926724 1